UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

BARRY JENKINS,

      Plaintiff,                              Case No. 18-cv-11976

v.                                   Honorable Thomas L. Ludington
                                           Magistrate Judge Patricia T. Morris

CITY OF BAY CITY, et al.

      Defendants.
_____/

**ORDER OVERRULING OBJECTIONS, ADOPTING REPORT AND
RECOMMENDATION, AND DISMISSING COMPLAINT**

On June 22, 2018, Plaintiff Barry Jenkins, proceeding *pro se* and *in forma pauperis*, filed the instant lawsuit asserting claims under 42 U.S.C. § 1983 against Defendants City of Bay City ("the City"), Michael J. Cecchini, Robert Lister, Kasey Dobbyn, Dana Muscott, Nicholas Pletzke, Donald LaPouttre, and Daniel Callan. ECF No. 1. He specifies that Defendants Cecchini, Dobbyn, and Pletzke are police officers, (*Id.* PageID.1, 11), that Defendant Muscott is the City Manager for Bay City, (*Id.* at PageID.13), and that Defendants LaPouttre and Callan are civilians. (*Id.*).

On June 27, 2018, all pretrial matters were referred to Magistrate Judge Patricia T. Morris. ECF No. 5. Pursuant to 28 U.S.C. § 1915(e)(2), Plaintiff's complaint is subject to automatic screening by the Court prior to service on the Defendant. On July 10, 2018, Judge Morris issued a report, recommending that the Court *sua sponte* dismiss the complaint for failure to state a claim under 42 U.S.C. § 1983. ECF No. 9. Plaintiff was granted an extension of time to object to the report. ECF No. 11. He filed his objections on August 7, 2018. ECF No. 12.

# I.

A full factual summary is set forth in Judge Morris's report. The facts arise out of a string of criminal proceedings initiated against the Plaintiff, dating back to 1997. Plaintiff alleges, among other things, that City employees and various civilians conspired against him to have him maliciously prosecuted, harassed by police, evicted from his residence, shot at, and to have his business shut down.

Judge Morris summarize the bases for dismissal as follow:

> (1) Against Lister and Muscott, he fails to aver any personal involvement in sanctionable conduct, and § 1983 does not provide for supervisory liability. (2) Against the City, he fails to allege that the City maintains a pattern or practice spurred by or resulting in constitutional violations, as required to demonstrate liability under § 1983. (3) Against Dobbyn and Cecchini, his claims are time-barred. (4) Against LaPouttre and Callan, who are private civilians, § 1983 provides no legal recourse. And (5) against Pletzke, Plaintiff fails to set forth specific, actionable allegations that he suffered any harm from Pletzke's conduct, and therefore he lacks standing to bring those claims. I discuss each of these determinations in turn.

Rep. & Rec. at PGID 42.

# II.

Pursuant to Federal Rule of Civil Procedure 72, a party may object to and seek review of a Magistrate Judge's report and recommendation. Fed. R. Civ. P. 72(b)(2). Objections must be stated with specificity. *Thomas v. Arn*, 474 U.S. 140, 151 (1985) (citation omitted). If objections are made, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). De novo review requires at least a review of the evidence before the Magistrate Judge; the Court may not act solely on the basis of a Magistrate Judge's report and recommendation. *See Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). After reviewing the evidence, the Court is free to accept,

reject, or modify the findings or recommendations of the Magistrate Judge. *See Lardie v. Birkett*, 221 F. Supp. 2d 806, 807 (E.D. Mich. 2002).

Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). "The parties have the duty to pinpoint those portions of the magistrate's report that the district court must specially consider." *Id*. (internal quotation marks and citation omitted). A general objection, or one that merely restates the arguments previously presented, does not sufficiently identify alleged errors on the part of the magistrate judge. *See VanDiver v. Martin*, 304 F.Supp.2d 934, 937 (E.D. Mich. 2004). An "objection" that does nothing more than disagree with a magistrate judge's determination, "without explaining the source of the error," is not considered a valid objection. *Howard v. Sec'y of Health and Human Servs*., 932 F.2d 505, 509 (6th Cir. 1991). Without specific objections, "[t]he functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks. This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrate's Act." *Id.*

**III**.

Plaintiff raises four objections to Judge Morris's report and recommendation, which will be addressed in turn.

**A.**

Plaintiff's first objection reads as follows:

Objection #1: Plaintiff objects to the magistrate's Analysis relevant to Section C(2), and state that he did not fail to allege that the City maintains a pattern or practice spurred by or resulting in constitutional violations as set forth in his Complaint & Affidavit; [discovery requested], as set forth by the allegations alleged, and as is required to demonstrate liability under 42 U.S.C. 1983.

Obj. at 2

An "objection" that does nothing more than disagree with a magistrate judge's determination, "without explaining the source of the error," is not considered a valid objection. *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). Here, Plaintiff does nothing more than repeat Judge Morris's conclusion and state that he objects to it. This is not a proper objection and will therefore be overruled.

**B.**

Plaintiff's second objection reads as follows:

> Objection #2: Plaintiff objects to the Magistrate's pleading not being numbered, to specifically identify the page in question; demanding on multiple occasions plaintiff's landlord to evict plaintiff and shut his business down "in furtherance of the object of a conspiracy"; and eventually causing plaintiff to get evicted, and his business shut down; the waiting of the Bay City Police officer Pletzke until Plaintiff got off work at his barber shop, "and the intentional following of the plaintiff; pulling him over and issuing citations, causing acute mental anguish, pain and suffering; as part of a pattern, custom, or harassment campaign to restrain his right of redress, California Motor Transport Co. v. Trucking Unlimited, Infra, is a special relationship between the individual and the state actor giving rise to a duty to protect. Gazette, Infra, at pge 1065.

Obj. at 2

As Plaintiff notes, Judge Morris's report does not contain page numbers. It does, however, contain section headings and subheadings. Indeed, Plaintiff's first objection cites to section C(2) of Judge Morris's report. The lack of page numbers does not excuse Plaintiff from his obligation to make specific objections.

In his second objection Plaintiff repeats the allegations that Judge Morris found insufficient to state a claim against the City, and he quotes the case law that Judge Morris quoted in reaching her conclusion. Plaintiff's second objection contains no intelligible attempt to identify a source of error in the report. Accordingly, it will be overruled.

**C.**

Plaintiff's third objection reads as follows:

> Objection #3: Plaintiff objects to the magistrate's Analysis relevant to section C(3), and state that his claims against private citizen, LAPouttre, Callan, Dobbyn and Cecchini, are not time-barred, but demonstrates an on-going: custom, pattern or retaliatory practice by the City, and is not absent special relationship between them and the state actor giving rise to a duty to protect. <u>Gazette</u>, infra; furthermore, LaPouttre, Callan, Dobbyn and Cecchini was acting under color of state law when knowingly and intentionally acting in concert with the policy (with immunity from prosecution) to restrain plaintiff's right of redress. <u>California Motor Transportation Co. v. Trucking Unlimited</u>, 404 U.S. 508, [and] was a decision by the United States Supreme Court involving the right to make petitions to the government. The right to petition is enshrined in the First Amendment to the United States Constitution as: "Congress shall make no law...abridging...the right of the people...to petition the Government for a redress of grievances." This case involved an accusation that one group of companies was using state and federal regulatory actions to eliminate competitors. The Supreme Court ruled that the right to petition is integral to the legal system *<u>but using lawful means to achieve unlawful restraint of trade is not protected.</u>*

Obj, at 3.

Plaintiff incorrectly suggests that Judge Morris found that Plaintiff's claims against LaPouttre and Callan are time-barred. This is incorrect. Judge Morris found that only Plaintiff's claims against Dobbyn and Cecchini are time barred. With respect to that finding, Plaintiff's objection can at best be construed as contending that the three-year statute of limitations should be tolled because he alleged a continuing violation of his rights. Suffice it to say that there are very few allegations specifically directed at Defendants Dobbyn and Cecchini, none of which allege that they engaged in any wrongful conduct within the three-year limitations period. *See* Compl. ¶¶ 7, 15, 17.

Although Plaintiff's third objection purports to only address section C(3) of the report, he also appears to challenge Judge Morris's finding in section C(4) that Plaintiff did not allege that LaPouttre and Callan acted under color of state law. Plaintiff offers no attempt to identify Judge

Morris's alleged error, however. Rather, he simply recites the language of the first amendment right of redress and discusses a related Supreme Court opinion without any accompanying discussion as to how that legal authority applies to the facts of this case. Accordingly, Plaintiff's third objection will be overruled.

### D.

Plaintiff's fourth objection reads as follows:

> Objection #4: Plaintiff does not allege, nor intent to allege a maliscious prosecution claim; but show the execution of a ... policy or custom which results in an unconstitutional tort; that demonstrates that Plaintiff does allege a special relationship exist between Mr. Alvarez and the city police [both white American race, and friends]; the City – or, for that matter, any other defendant in this case, does constitute a failure to investigate and prosecute – in retaliation of plaintiff's free speech right to the judge (who in front of the city police, restrained Plaintiff's free speech right to defend himself, held him in contempt of court, locked him up in jail, and the police had him severely assaulted receiving a broken jaw) Graham v. Connor, 490 U.S. 386 (1989); and is an "execution of a ... policy or custom which results in an unconstitutional tort, Gregory v. Shelby City., 220 F.3d 433, 441 (6th Cir. 2000); and was a direct cause of the assault against plaintiff's life-both with the vehicle; and the assault in the County Jail arranged by the police (who brought the assailant from another county), breaking plaintiff's jaw (with immunity) without any cause on plaintiff's behalf, other than being of the black American race, and the exercise of his right to petition the government for redress of grievance, California Motor Co. v. Trucking Unlimited, 4041 U.S. 508 (1972); and does give rise to a duty to protect. Gazette v. City of Pontiac, 41 F.3d 1061, 1065 (6th Cir. 1994); Deshaney v. Wennegago City. Dep't of Soci. Servs., 489 U.S. 189, 199 (1989).

Obj. at 4–5.

Because Plaintiff's fourth objection does not meaningfully interact with the content of Judge Morris's report, the objection will be overruled.

### III.

Accordingly, it is **ORDERED** that Plaintiff's objections, ECF No. 12, are **OVERRULED**.

It is further **ORDERED** that Judge Morris's report and recommendation, ECF No. 9, is

**ADOPTED**

It is further **ORDEERED** that the complaint, ECF No. 1, is *sua sponte* **DISMISSED**

pursuant to 28 U.S.C. § 1915(e)(2) for failure to state a claim.

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: November 6, 2018

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on November 6, 2018.

s/Kelly Winslow
KELLY WINSLOW, Case Manager